IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARELL CRAWLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-334-SLR |
| ) | |
| PERRY PHELPS, ) | |
| Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of March, 2012;

IT IS ORDERED that petitioner Jarell Crawley's motion for representation by counsel (D.I. 5) is **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." See *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Here, petitioner requests representation by counsel because he is unskilled in matters of the law, he cannot afford counsel, and counsel will perform a valuable function benefitting both the court and petitioner. However, after viewing these reasons in conjunction with petitioner's other filings in this case, the court concludes that the interests of justice do not require representation by counsel at this time.

_____
UNITED STATES DISTRICT JUDGE