## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARELL CRAWLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-334-SLR |
| | ) |
| DAVID PIERCE, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

Jarell Crawley. Pro se petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

April  4 , 2014
Wilmington, Delaware

---

[1]Warden David Pierce is substituted for former Warden Perry Phelps, an original party to the case. See Fed. R. Civ. P. 25(d).

~~Jane F. Robinson~~
ROBINSON, District Judge

## I. INTRODUCTION

Petitioner Jarell Crawley ("petitioner) has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 3) Petitioner is an inmate in custody at the James T. Vaughn Correctional Center in Wilmington, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2007, petitioner and Ryan Resop attempted to rob the Chelsea BP gas station and convenience store in New Castle, Delaware. (D.I. 13 at 1) Both men were wearing masks and gloves, and petitioner was carrying a BB gun. Petitioner pointed the gun at the clerk, Harminder Minhas, and Resop demanded money. While Minhas was backing away, petitioner shot him in the hand with the BB gun. Minhas retreated to an office, locked himself inside, and then shouted that he had called the police. Petitioner and Resop left without taking anything. *Id*.

Approximately fifteen minutes later, petitioner and Resop went into the Moores Lane Citgo and stole cigarettes and approximately $200 in cash. (D.I. 13 at 1-2) Both men were wearing masks but not gloves. (D.I. 15, Appellant's Op. Br. in *Crawley v. State*, No.2, 2008, at 4) During the course of that robbery, petitioner shot the clerk in the eye and Resop punched him. (D.I. 13 at 1-2) The next day, the two men robbed Jay's Market in Newark, Delaware. *Id*. Both men were wearing masks. (D.I. 15, Appellant's Op. Br. in *Crawley v. State*, No.2, 2008, at 4) The police apprehended petitioner and Resop after a high speed chase. (D.I. 13 at 1-2)

In March 2007, the New Castle County grand jury indicted petitioner on the following charges: first degree attempted robbery; three counts of wearing a disguise during the commission of a felony; two counts of second degree assault; three counts of second degree conspiracy; two counts of first degree robbery; disregarding a police officer's signal; no proof of insurance; aggressive driving; speeding; two counts of failure to signal; improper passing on right; and disregarding a light. (D.I. 13 at 2) Petitioner's Superior Court jury trial started in September, 2007. The State dismissed all of the traffic offenses except for the failure to obey an officer's signal charge. The jury convicted petitioner of all remaining charges. The Superior Court sentenced petitioner to a total of thirty-four years and sixty days of incarceration, suspended after twenty-one years and sixty days for decreasing levels of supervision. *Id.*

On May 5, 2009, the Delaware Supreme Court reversed petitioner's conviction for the second degree assault of Minhus during the Chelsea BP gas station incident because Minhus had not been injured. *See Crawley v. State*, 972 A.2d 311 (Table), 2009 WL 1204621 (Del. May 5, 2009). On remand, the Superior Court vacated petitioner's assault conviction and sentence, and reduced his sentence to thirty-two years and sixty days of imprisonment, suspended after nineteen years and sixty days for decreasing levels of supervision. *Id.*

In June 2009, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") alleging ineffective assistance of counsel. (D.I. 13 at 3) Petitioner's defense counsel filed a Rule 61(g) affidavit responding to the ineffective assistance of counsel allegations. A Delaware

2

Superior Court Commissioner issued a Report and Recommendation that the Rule 61 motion be denied. (D.I. 15, App. to State's Ans. Br. in *Crawley v. State*, No.709,2009, at B-8 to B-15) The Superior Court adopted the Report and Recommendation and denied the motion. *Id.* at B-16, B-17. The Delaware Supreme Court affirmed that decision. *See Crawley v. State,* 2 A.3d 73 (Table), 2010 WL 3036740 (Del. Aug. 4, 2010).

Petitioner timely filed a § 2254 application in this court. (D.I. 1) The State filed an answer, arguing that the court should deny the sole claim in the application for failing to satisfy § 2254(d). (D.I. 13)

## III. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn,* 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when

3

a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

As background, during the trial, store clerk Minhas testified that he could not tell if the suspects were white or black because of their clothes and masks. However, the police report describes the suspects for the attempted robbery of the Chelsea BP as white.

In his sole ground for relief, petitioner alleges that trial counsel provided ineffective assistance by failing to properly cross-examine Minhas concerning the police report's description of the suspects as white. Petitioner and Resop are African-American, and petitioner asserts that the description of the suspects in the report was

4

allegedly provided by Minhas and "proves petitioner's innocence of the Chelsea BP crime." (D.I. 3 at 6)

Petitioner presented this same argument to the Delaware State Courts in his Rule 61 proceeding, and they denied the argument as meritless. As a result, habeas relief will only be available if the Delaware Supreme Court's decision was contrary to, or involved an unreasonable application of, the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003).

Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court correctly identified the *Strickland* standard applicable to

5

petitioner's ineffective assistance of counsel claim. Thus, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court must also determine if the Delaware Supreme Court's denial of claim one as meritless involved a reasonable application of *Strickland*. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to petitioner's ineffective assistance of counsel claim through a "doubly deferential" lens. *Harrington*, 131 S.Ct. at 788. In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The Delaware Supreme Court affirmed the Superior Court's denial of the instant claim on post-conviction appeal after determining that counsel made a reasonable tactical decision not to cross-examine Minhas regarding the police report's description of the robbers as "white." The Delaware Supreme Court reached this conclusion after reviewing counsel's Rule 61 affidavit and independently finding that the evidence presented at trial against petitioner was strong, because "the witnesses' descriptions of the robbers were strikingly similar in connection with all three incidents and coincided with what police observed when apprehending them." *Crawley*, 2010 WL 3036740, at *2. The Delaware Supreme Court concluded that counsel's tactical decision was presumptively reasonable and that "there is no indication that [the decision] had any impact on the ultimate result in the case." *Id.*

6

Here, petitioner asserts that the Delaware Supreme Court unreasonably applied

*Strickland* in denying the instant claim, because one of counsel's reasons for not cross-

examining Minhas on the issue of the police report's description of the suspects' race

was unfounded. Specifically, in his Rule 61 affidavit, counsel explained that he did not

cross-examine Minhas on the issue of the suspect's race because he feared that doing

so would have resulted in the State calling co-defendant Resop as a witness, and

counsel believed that Resop's testimony would have harmed petitioner's defense.

Petitioner contends that counsel's concern about calling Resop was baseless, because

Resop would have testified favorably on petitioner's behalf. Petitioner has supplied an

affidavit from Resop supporting this assertion.

Both defense counsel's Rule 61 affidavit and the Superior Court's underlying

opinion demonstrate why petitioner's argument is unavailing. As defense counsel

explained in his Rule 61 affidavit,

[o]n first blush [the description of the suspects as white] appeared relevant, on
further review it appeared to be a red herring. The statement, two white
suspects, though in the report, was not supported by any other evidence and was
clearly an error. Nowhere in the report could that [statement] be attributed to the
victim, though logical to assume it came from him. []

Additionally, the co-defendant [Resop] had pled guilty and agreed to testify
truthfully at [petitioner's] trial if called. Counsel met with Resop and his counsel.
It was clear that Resop would testify and not only was [petitioner] involved but he
was the organizer. Clearly Resop, who is also black, would contradict the
witness profile [contained] in the report. Counsel believed that Resop would
probably testify but believed that if the issue of race was raised, Resop would
definitely be called. Counsel did not want Resop to testify.

(D.I. 15, App. to State's Ans. Br. in *Crawley v. State*, No.709,2009, at B-6, B-7)

In turn, when denying petitioner's instant claim as raised in his Rule 61 motion, the

Superior Court Commissioner noted that petitioner "pins his entire" argument on the fact

that the police officer recorded "white" as the race of the suspect, but ignores the "fact

that Minhas has also described the assailants in this attempted robbery as wearing

black masks, gloves, and fleeing the scene in what appeared to be a green Mitsubishi

sport utility vehicle with a 'spare tire on the rear of the vehicle." (D.I. 15, App. to State's

Ans. Br. in *Crawley v. State*, No.709,2009, at B-10)  The Commissioner also noted that

the victim in another robbery attributed to petitioner "described the assailants as two

black males, but matched Minhas' description in almost every other way, including the

description of masks, use of a gun, and flight in a green Mitsubishi."[2] *Id.* at B-10, B-11.

The Commissioner explained that challenging "this one part of the police report would

have opened the door for the State to reinforce its case through the other, more

damaging information it contained.  [Petitioner] wore a mask and gloves when he

attempted to rob Minhas.  Because of this, [petitioner's] race is far less consequential to

the identification of the assailant than the other information which [petitioner]

conspicuously does not challenge." (D.I. 15, App. to State's Ans. Br. in *Crawley v.

State*, No.709,2009, at B-6, B-7)  Based on this record, the Commissioner opined that

petitioner failed to satisfy the performance prong of *Strickland* because counsel

reasonably determined that the evidence presented by the State would be sufficient to

show that the suspects were not white and that Resop's potential testimony would have

been undesirable to petitioner's defense. *Id.*at B-13, B-14.

    Turning to the prejudice prong of *Strickland*, the Commissioner concluded that

the overwhelming evidence facing petitioner at trial prevented petitioner from

---

[2]The witness to the second robbery testified that the two males were not wearing gloves
and he could determine that they were black males.  (D.I. 15, Appellant's Op. Br. in
*Crawley v. State*, No.2, 2008, at 4)

8

demonstrating a reasonable probability that the outcome of his trial would have been different but for counsel's failure to vigorously challenge Minhas' testimony. *Id* at B-14. The Commissioner identified the overwhelming evidence as follows: (1) the police apprehended petitioner and Resop in the same vehicle that was reported fleeing the last robbery; (2) that vehicle was the same vehicle described by Minhas; and (3) the assailants in the other robberies wore the same masks and answered the same descriptions of height and weight as Minhas' assailants. *Id.* at B-14.

As a general rule, courts presume that counsel acted strategically in deciding not to call certain witnesses, and the defendant bears the burden of rebutting that presumption. *See Thomas v. Varner*, 428 F.3d 491, 499-500 (3d Cir. 2005). An otherwise reasonable decision by counsel not to call certain witnesses is not ineffective simply because it differed from the defendant's wishes. *See, e.g., Diggs v. Owens*, 833 F.2d 439, 445-46 (3d Cir. 1987). Given the aforementioned record, and viewing the Delaware Supreme Court's decision through a doubly deferential lens, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in holding that counsel's failure to cross-examine Minhas regarding the police report's description of the suspects' race did not amount to constitutionally ineffective assistance. Accordingly, the court will deny the application for failing to satisfy § 2254(d).

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that

9

reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.

10